878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MURSON CONSTRUCTORS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1517.
 United States Court of Appeals, Federal Circuit.
 May 31, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals, 88-3 B.C.A. p 20,992, upholding the Navy's refusal to provide additional compensation to Murson Constructors, Inc. (Murson) for contractor quality control (CQC) services inadvertently omitted from the initial contract, is affirmed.
 
 OPINION
 
 2
 Failure to request clarification of a patent ambiguity prior to submission of a bid precludes a contractor from recovering for increased costs resulting from the ambiguity. Newsom v. United States, 676 F.2d 647, 650 (Ct.Cl.1982). The contract referenced the missing CQC clause in three places in the specifications and discussed a CQC plan in two other places. Murson's president admitted that, in preparing the bid, he noticed that the CQC clause was missing. Murson also had a proposal from an independent subcontractor offering CQC services similar to those required by the missing clause one week before it submitted its bid. It added $30,000 to its bid for CQC services because it was unsure of the contract's CQC requirements. But it did not seek any clarification of the CQC requirements. The solicitation required that any technical question be submitted at least fifteen days before bid opening, but nothing prevented Murson from asking about the CQC clause at any time.
 
 
 3
 Accordingly, substantial evidence supports the Board's finding that Murson knew or should have known that the Navy had inadvertently omitted a CQC section, and is bound to provide the CQC services without additional compensation.